O’NeXll, J.
delivered the opinion of the Court.
The rule, as to the operation of the statute of limitations has been repeatedly laid down since the case of Young v. Monpoey, decided at Charleston. It was repeated at this term in the case: of Trammell v. Salmon. “ Where the statute has run out, there must be an express promise to pay, or an unqualified and direct admission of a subsisting debt, which the party is willing and liable to pay.” supra, pp. 278, 308.
In this case, the only question is, whether the written promise is within the rule, either “ an express promise to pay, or an unqualified and direct admission of a subsisting debt.” I am satisfied that it is both. It is true, it is not in so many words a promise to pay, but yet in effect it is the undertaking of the party to pay, notwithstanding the statute of limitations, if he should have no other meritorious defence. It is an admission of a subsisting debt; for it speaks of it as a note made by the party, not yet satisfied: it is a debt which the party admits he is willing tmd liable to pay, if he should have no other defence than the statute of limitations. An express promise not to plead the statute of limitations, is in every sense of the word as much an admission of a subsisting debt, which the party is willing and liable to pay, as if he had given a new note for the same sum of *427 money, reserving any other defence which he might have had to the first note.
A promise not to plead the statute of limitations, is not contrary to law. The statute is predicated upon the presumption of payment: the lapse- of time which constitutes its bar, stands in the place of the proof of payment. It is the defence of the party, which he may elect to set up or not, as he may think proper. A promise not to plead the statute of limitations is no violation of even the act itself. It is merely the declaration of the party that it has no application to his case.
The motion to set aside the nonsuit, and for a new trial, is therefore granted.